# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ANNETTE TURCOTTE,**
        **Plaintiff,**

**-vs-**                                                     **Case No. 6:09-cv-484-Orl-28DAB**

**PUB 44, INC.,**
        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the parties' responses (Doc. Nos. 20 and 21) to this Court's Order to Show Cause (Doc. No. 18). For the reasons set forth below, it is **respectfully recommended** that the Court **admonish and sanction** Plaintiff's counsel for failure to timely comply with Court Orders and the Local Rules, **strike** the inadequate and belated Case Management Report, and **order** the parties to complete and file a Case Management Report by a date certain, all as set forth herein.

      In the Order to Show Cause, the Court noted that the parties had not filed their Case Management Report and there was no indication that they had met, as required, to prepare it.[1] The Court required the parties to show cause within 11 days why sanctions should not be imposed for failure to comply with this requirement. The Order was dated September 24, 2009.

---

[1] Local Rule 3.05 provides that the parties shall meet within 60 days of the service of the Complaint for the purpose of preparing and filing a Case Management Report. This requirement is embodied in the Related Case Order issued by the Court on March 19, 2009 (Doc. No. 3).

On October 6, 2009, Plaintiff and Defendant filed separate responses and Plaintiff's counsel filed the Case Management Report (the "Report") (Doc. No. 19). The Report filed is woefully incomplete. *See, e.g.,* Report at pp. 2, 3, 7 and 8.

In a paper entitled "Response to the Court's Order and Leave to File One Day Late," Plaintiff's counsel, David W. Glasser, represents that: 1) the parties held the Case Management Conference on August 4, 2009; 2) Plaintiff was to file the Report; and 3) counsel inadvertently failed to file it. Plaintiff also notes that the response to the Order to Show Cause was due October 5, but "the assistant for counsel was involved in a[n] automobile accident on October 5, 2009, and failed to file the response on time." Counsel requests that the Report be accepted, the response be considered timely filed and sanctions not be imposed. Unfortunately, counsel has failed to provide any basis for such relief.

Counsel admits that he failed to timely file the Report, but provides no excuse (or even apology) for that failure. The parties met to prepare the Report on August 4, 2009, and defense counsel represents that he advised Plaintiff's counsel that he agreed to the proposed Report without change (Doc. No. 21). Although counsel claims the failure to file the Report in August was "inadvertent," he fails to explain why, if this was so, the Report was not filed (and the oversight thus rectified) *immediately* after issuance of the September 24 Order to Show Cause. As set forth in Defendant's response (Doc. No. 21), upon receiving the Order to Show Cause, defense counsel "immediately contacted counsel for Plaintiff on September 24, 2009, and requested that Plaintiff respond to the Order [to show cause]." Moreover, defense counsel called Plaintiff's counsel *again* on October 1, and counsel was advised that Glasser would be filing a response "today or tomorrow." (Doc. No. 21 at 2). This did not occur. Despite the Local Rule, a Court Order and two phone calls

from counsel, Plaintiff's counsel waited until October 6 to file an unacceptable, partially completed Report.

It appears that Mr. Glasser seeks to excuse this belated filing (and the failure to timely respond to the Order to Show Cause) by blaming it all on his assistant's unfortunate automobile accident. While the Court is sorry to hear that Mr. Glasser's assistant was involved in such an unhappy circumstance on October 5, it is irrelevant here. It is and always was *Mr. Glasser's* responsibility to comply with the local rule and the Court's Orders in this case.[2] *Mr. Glasser* is counsel of record, not his assistant, and it is *Mr. Glasser* who is responsible for the actions or inactions of his staff, and *not* vice versa. Moreover, even if the Court were inclined to allow Mr. Glasser to shift the blame for not filing on October 5, this does not explain why he did not respond *prior* to that date, especially when he represents that the original failure to file was "inadvertent" and he had assured defense counsel he would respond on October first or second. Most telling, the Report itself is signed and dated *October 6, 2009*, a day after it was supposed to be filed by the assistant. Viewed collectively, the Court can only conclude that, despite ample notice and opportunity, Mr. Glasser did not even bother to prepare the Report, let alone file it, until after the response date for the Order to Show Cause and well after the time set by the Related Case Order and the Local Rule.

The district court possesses the inherent power to police its own docket. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30, 82 S.Ct. 1386 (1962). This includes the authority to sanction a party or counsel, under a variety of circumstances, upon a finding of bad faith. *See, generally, In re Sunshine Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006) ("Federal courts have the inherent power to impose sanctions on parties, lawyers, or both.") Here, to date, Plaintiff has failed to file a

---

[2] The dereliction here is all the more inexplicable in light of Mr. Glasser's extensive experience in this Court. The Court's electronic filing systems records him as appearing as counsel in over 300 cases in the past 15 years.

completed Report as required by the local rules and the Order of this Court (Doc. No. 3), and has failed to supply an adequate excuse for that failure. The Court finds this conduct constitutes a wilful failure to obey the Orders of this Court, and therefore **respectfully recommends** as follows:

1. That David Glasser be **publicly admonished and sanctioned** in the amount of $500, payable to the Clerk of the Court, within five days of any Order adopting this Report;

2. That the Case Management Report be **stricken**, and the parties be ordered to file a **completed** Report by a time and date certain; and

3. That counsel be advised that any further misconduct will result in a referral to the Florida Bar and the Grievance Committee of this Court.

In view of Mr. Glasser's assurances to defense counsel, the Court does not find any misconduct on the part of defense counsel and does not recommend that sanctions be imposed on Defendant. The Order to Show Cause should be discharged to the extent it is directed to Defendant.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 8, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy